IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, TRANSCONTINENTAL INSURANCE COMPANY, and VALLEY FORGE INSURANCE COMPANY, | Case No. 06 C 5256 |
| Plaintiffs, | Judge Charles R. Norgle |
| v. | Magistrate Judge Martin C. Ashman |
| TRI-STATE HOSE & FITTING, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Presently before this Court is the motion of third party Record-A-Hit to intervene under Federal Rule of Civil Procedure 24(a). This matter was referred to this Court by Judge Norgle pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons that follow, the Court grants Record-A-Hit's motion to intervene.

---

[1] Motions to intervene have been treated as non-dispositive motions by numerous courts. See, e.g., *WFK & Assocs., LLC v. Tangipahoa Parish*, Civil Action No. 06-6684, 2007 WL 1537633 (E.D. La. May 23, 2007); *Harrell v. Eckstein Marine Serv., L.L.C.*, Civil Action No. 06-9926, 2007 WL 1068254, at *1 (E.D. La. Apr. 5, 2007) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995), and *Perles v. Kagy*, 394 F. Supp. 2d 68, 70 n.6 (D.D.C. 2005), as "agreeing with other district courts' application of clearly erroneous standard to magistrate judge's denial of a motion to intervene"). But see *Doe v. Briley*, No. 3:73-6971, 2007 WL 1345386, at *2 (M.D. Tenn. May 7, 2007) (reviewing a magistrate judge's report and recommendation regarding a motion to intervene under a de novo standard of review, which is used when reviewing reports and recommendations of dispositive motions). Because this motion to intervene is non-dispositive, the Court styles this decision as a memorandum opinion and order.

## I. Background

The facts of this case are indissolubly linked with several actions in Illinois state court. In the underlying state court action, Record-A-Hit alleges that defendant Tri-State Hose & Fitting, Inc. ("Tri-State"), violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/2. (*See* Def.'s Mot. to Dismiss, ¶ 1.) Record-A-Hit alleges that Tri-State violated these statutes when it sent Record-A-Hit "an unsolicited advertisement [via] a telephone facsimile machine." (*Id.*) This state court case is a class action suit, presumably wherein Record-A-Hit represents itself and others who have received similar unsolicited letters from Tri-State. The Court refers to this suit as the "class-action suit."

After Record-A-Hit filed the class-action suit, the plaintiffs in the present suit—National Fire Insurance Company of Hartford, Transcontinental Insurance Company, and Valley Forge Insurance Company (collectively the "Insurers")—sought a declaratory judgment as to their obligations to provide coverage and a defense for Tri-State against Record-A-Hit's claims. The Insurers brought this declaratory action in federal court—the Northern District of Illinois—and they did not name Record-A-Hit as a party. The Court refers to this case as the "federal declaratory action." On October 3, 2006, Judge Norgle dismissed the federal declaratory action for lack of subject matter jurisdiction, finding that diversity jurisdiction was not sufficiently alleged. (Def.'s Mot. to Dismiss, ¶ 3.) In response to this dismissal, the Insurers amended their complaint to state that Tri-State is a citizen of Indiana for diversity purposes. (Def.'s Mot. to Dismiss, ¶ 5.) In this amended complaint, the Insurers did not name Record-A-Hit as a party.

On October 4, 2006, Record-A-Hit filed a declaratory action of its own in Illinois state court, in the Circuit Court of Cook County. (*Id.*) In this declaratory action, Record-A-Hit sought to determine the Insurers' obligations to indemnify Tri-State for any liability that might result from Record-A-Hit's class-action suit against Tri-State. On February 28, 2007, Record-A-Hit's state-court declaratory action was dismissed. The basis for this dismissal was the fact that the Insurers had refiled the federal declaratory action via their amended complaint. (Def.'s Mem. at 1.)

After its state-court declaratory action was dismissed, Record-A-Hit filed the present motion to intervene in the federal declaratory action, i.e., the present suit. For the reasons that follow, the Court grants Record-A-Hit's motion to intervene.

## II. Discussion

Motions to intervene are governed by Federal Rule of Civil Procedure 24. Rule 24 allows any person to intervene when a United States statute allows that person to intervene, or

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Record-A-Hit does not argue that a United States statute allows it to intervene. Thus, the Court analyzes this motion under the second part of Rule 24(a). In its second part, Rule 24 contains four requirements: (1) the applicant must make a timely application to intervene; (2) the applicant must "have an interest relating to the subject matter of the action"; (3) the applicant must face a risk that this interest will be impaired by the disposition of the

action; and (4) the applicant must demonstrate that she will not be adequately represented by another party in the action. *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001). Record-A-Hit, as movant in a motion to intervene, has the burden of demonstrating that all of these requirements are met. If one of the requirements is not met, the Court must deny Record-A-Hit's motion. *Id.* In deciding a motion to intervene, the Court takes as true Record-A-Hit's "non-conclusory" allegations. *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *Zurich Capital Mkts. Inc. v. Coglianese*, 236 F.R.D. 379, 381 n.4 (N.D. Ill. 2006).

### A.   Timeliness

Record-A-Hit must show that its motion to intervene was timely filed. The determination of whether a motion to intervene is timely filed is within the sound discretion of this Court. *Shea v. Angulo*, 19 F.3d 343, 349 (7th Cir. 1994) (citing *United States v. City of Chi.*, 908 F.2d 197, 199 (7th Cir. 1990)). This is true even where, as here, the motion to intervene is as of right. *Id.* In making this determination, the Court considers the totality of the circumstances. Nevertheless, the Seventh Circuit has promulgated four factors to aid the Court in determining whether the motion to intervene was timely. The Court should consider

> (1) [t]he length of time the intervenor knew or should have known of his interest in the case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances.

*Id.* (citing *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985)).

In light of the related nature of the class-action suit and the state-court and federal declaratory actions, the Court can reasonably conclude that Record-A-Hit has been aware of its interests in this action for months. For example, in its December 2006 motion to dismiss for failure to join a necessary party, Tri-State named Record-A-Hit as the necessary party. (*See* Dkt. No. 17.) The Court has little trouble concluding from this fact that Record-A-Hit was aware that it has an interest in this action. In addition, at oral argument, the parties did not dispute that Record-A-Hit was aware of its interest since approximately the time the federal declaratory action was filed, about six months prior to the March 30 filing of this motion. (Oral Arg., May 11, 2007.) Because Record-A-Hit waited six months before filing its motion to intervene, this factor weighs against finding that this motion was timely filed.

The Court next considers the possible prejudice to the parties due to any delay in Record-A-Hit's filing its motion to intervene. Record-A-Hit notes in its Reply that "[n]othing substantive has occurred in this case," (Record-A-Hit's Reply at 2), and the parties have not yet engaged in discovery. In their Response and at oral argument, the Insurers' lone argument as to prejudice is essentially that the intervention of Record-A-Hit will add complexity to this otherwise straightforward case. (Insurers' Resp. at 3-4.) The Court rejects this argument. This argument is almost identical to the argument rejected in *Zurich Capital Markets*. There, the court considered the non-movant's argument that the intervention "would prejudice it because it would introduce unrelated complex legal issues, which would threaten to unduly delay its recovery of funds." 236 F.R.D. at 384. In rejecting this argument, the *Zurich Capital Markets* court pointed out that "any prejudice to ZCM that would result from the . . . intervention would

result simply by virtue of the [intervenor's] involvement in the case, not from the [intervenor's] delay in moving to intervene." *Id.*

Likewise, in this case, even if the intervention of Record-A-Hit would add complexity to this case, this complexity would be present to the same degree if Record-A-Hit would have intervened the day after it learned of its interest in the present action. Whether Record-A-Hit joins this case now or whether Record-A-Hit joined this case in October 2006, the added complexity is the same. In short, any prejudice cannot be traced to Record-A-Hit's delay, but is simply a byproduct of Record-A-Hit's involvement, regardless of the timing of Record-A-Hit's involvement. This consideration indicates that Record-A-Hit's motion is timely. Indeed, the Court finds this consideration to be particularly weighty, as this motion's delay truly harms no party.

Third, the Court considers the prejudice to the interests of Record-A-Hit if the Court were to deny Record-A-Hit's motion to intervene. As the Court discusses below, Record-A-Hit has an interest in this action in that Illinois and Indiana law make clear that an injured party has an interest in determining from whom her judgment is paid. If the Court were to deny Record-A-Hit's motion to intervene, this denial would prejudice Record-A-Hit in that Record-A-Hit would not be able to participate in the determination of the source of the funds to cover any liability that may result from the class-action suit. The importance of this consideration is heightened in light of the fact that Record-A-Hit's state-court declaratory action was dismissed on the basis of Record-A-Hit's possibility of participating in this federal declaratory action. In addition, as the Court discusses below, there remains a distinct possibility that Record-A-Hit may be bound in a later garnishment proceeding by any finding in the federal

declaratory action that the Insurers do not owe a duty to defend or indemnify. This is because courts in this district have recognized that a claimant in a garnishment proceeding pursues the claims of the judgment debtor. *Pak v. Admiral Ins. Co.*, No. 04 C 3553, 2004 WL 2931322, at *5 (N.D. Ill. Dec. 9, 2004) ("[T]he judgment creditor stands in the shoes of the judgment debtor and, consequently, the claim asserted against the garnishee must be one which the judgment debtor could have maintained and enforced in his own name." (citations omitted)). Thus, Record-A-Hit runs the risk of being prejudiced by any adverse finding in the federal declaratory judgment, which may have a preclusive effect in a later garnishment proceeding. This factor weighs in favor of finding that Record-A-Hit's motion is timely.

Fourth, the Court considers other unusual circumstances that inform the Court as to the timeliness of the filing of the motion to intervene. Neither party has specified any unusual circumstances that would militate a finding of timeliness or untimeliness. The Court pauses here to note several particulars of this case that bleed into the Court's consideration of any prejudice that might result should the Court deny this motion based on untimeliness. Record-A-Hit's declaratory action in state court seeking to determine the Insurers' rights to defend and indemnify Tri-State was dismissed shortly before the date Record-A-Hit filed this motion. Thus, although Record-A-Hit waited upwards of six months before filing this motion, during approximately five of those months Record-A-Hit had pending in state court a very similar action—an action that could have resulted in the superfluity of any need to intervene in the present action. Because of this turn of events, the Court finds that this fourth factor weighs in favor of finding that Record-A-Hit's motion is timely.

Considering these four factors, the Court finds that Record-A-Hit's motion to intervene was timely filed, and that its motion satisfies the first of Rule 24(a)'s requirements.

### B. Interest

Rule 24(a) requires a party wishing to intervene to have a legally protectable interest in the subject matter of the litigation. Fed. R. Civ. P. 24(a); *Reich*, 64 F.3d at 322. In making this determination, the Court focuses on "the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich*, 64 F.3d at 322.

The Court finds that Record-A-Hit has an interest in the subject matter of the present action. At oral argument, both Record-A-Hit and the Insurers agreed that either Illinois law or Indiana law applies to this action. (Oral Arg., May 11, 2007.) The Court need not determine in this instance whose law applies, because under either Indiana or Illinois law a claimant has an interest in "how insurance coverage questions are resolved." *Zurich Ins. Co. v. Baxter Int'l, Inc.*, 173 Ill.2d 235, 246, 218 Ill. Dec. 942, 670 N.E.2d 664 (1996) (recognizing the tort claimants' argument that they "have a substantial interest in how insurance coverage questions are resolved"); *Hapag-Lloyd (America), Inc. v. Home Ins. Co.*, 312 Ill. App. 3d 1087, 1094, 729 N.E.2d 36 (App. Ct. 2000) ("It is Illinois public policy that underlying claimants have a substantial interest in how insurance questions are resolved."); *Wilson v. Cont'l Cas. Co.*, 778 N.E.2d 849, 852 & n.3 (Ind. Ct. App. 2002).

The Court recognizes, of course, that these cases' statements to the effect that intervenors, such as Record-A-Hit, have an interest in the interest of the litigation do not operate under Rule 24(a). For example, *Zurich Insurance Co.* and *Hapag-Lloyd* involve motions to stay Illinois

proceedings under an Illinois statute, and do not involve motions to intervene. Despite this apparent difference, the Court finds these cases instructive. The standard given in Rule 24(a) states that the intervenor must have an "interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a). Interest in "the subject of the action" is a broad formulation, and these cases demonstrate that Record-A-Hit has such an interest. Here, the subject matter of the underlying federal declaratory action is the determination of the source of payment of Record-A-Hit's potential judgment. In this vein, Illinois case law is replete with references to the interests of claimants in the resolution of insurance coverage questions. For example, *Hapag-Lloyd* states that

> [i]t is Illinois public policy that underlying claimants have a substantial interest in how insurance questions are resolved. The Illinois Supreme Court found that "this interest is best protected by having the claimants participate directly in the litigation between the insurance carrier and the insured, rather than by allowing the claimants to sue the carrier independently."

*Hapag-Lloyd*, 312 Ill. App. 3d at 1094, 729 N.E.2d 36 (citing *Zurich Ins. Co.*, 173 Ill.2d at 246, 281 Ill. Dec. 942, 670 N.E.2d 664). The basis of this reasoning appears to be the claimant's interest in the source of funds to cover any potential judgment. *See Flashner Med. P'ship v. Marketing Mgmt., Inc.*, 189 Ill. App. 3d 45, 54, 136 Ill. Dec. 653, 545 N.E.2d 177 (1989) ("The tort claimants in this case plainly have interests in the outcome of the [insurance coverage] litigation because a declaration of non-coverage would eliminate a source of funds.").

Even more to the point, in the context of a claimant's participation in a declaratory action to determine insurers' duties to defend and indemnify, *Chandler v. Doherty*, 299 Ill. App. 3d 797, 804-05, 702 N.E.2d 634 (App. Ct. 2003), uses language that unequivocally demonstrates that claimants like Record-A-Hit have an interest in declaratory actions like the federal declaratory

action. The *Chandler* court stated that "Illinois courts have consistently determined the tort claimant in an underlying action is a necessary party to a declaratory judgment action brought to determine insurance coverage for that claim." *Id.* (citations omitted). The court identified the basis for this as the tort claimant's "substantial right in the viability of the [insurance] policy," calling the claimants "real part[ies] in interest to the liability insurance contract, whose rights vest at the time of the occurrence giving rise to [their] injuries." *Id.* (internal quotations omitted) (quoting *M. F. A. Mut. Ins. Co. v. Cheek*, 66 Ill. 2d 492, 495, 6 Ill. Dec. 862, 363 N.E.2d 809 (1977); *Reagor v. Travelers Ins. Co.*, 92 Ill. App. 3d 99, 103, 47 Ill. Dec. 507, 415 N.E.2d 512 (1980)). In light of such strong language as this, the Court easily concludes that Illinois law provides Record-A-Hit with an interest in the federal declaratory action.

Indiana law is in accord on this point. For example, in *Wilson v. Continental Casualty Co.*, the court allowed the tort claimant to bring a declaratory action to determine the extent of the insurer's duty to indemnify the insured. 778 N.E.2d at 852 ("A plaintiff should be entitled to bring a declaratory action to determine whether the insurance carrier must indemnify its insured in either of these equally compelling circumstances."). The *Wilson* court also explicitly noted that the "underlying plaintiff in a negligence action . . . clearly has an interest" in a declaratory action initiated by the insurer to determine the insurer's duties. *Id.* at n.3 (internal quotations omitted).

Based on the reasoning of these cases, it becomes clear that Record-A-Hit has an interest in the subject matter of the Insurers' declaratory action. The interest Record-A-Hit has in the subject matter of this matter is very similar—if not identical—to the interests addressed and

identified in the Illinois and Indiana cases cited above. Thus, Record-A-Hit has demonstrated that it has satisfied the second of Rule 24(a)'s requirements.

## C. Risk that Interest Will Be Inadequately Represented

To satisfy the third requirement of Rule 24(a), Record-A-Hit must demonstrate that Record-A-Hit risks impairment of its interest if it is not joined in the underlying action. The Seventh Circuit has characterized this risk as being "at least potential impairment of that interest if the action is resolved without [Record-A-Hit]." *Reid L. v. Illinois St. Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). The consideration is a practical one, and considers whether "the decision of a legal question involved in the action would as a practical matter foreclose rights of [Record-A-Hit] in a subsequent proceeding." *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982). *See also Zurich Capital Mkts. Inc.*, 236 F.R.D. at 386.

The Insurers argue that Record-A-Hit's interests in this action will not be impaired because, in the underlying declaratory action, the only issue at play is the issue of "insurance coverage under the contract" between the Insurers and Tri-State. (Insurers' Resp. at 5.) From this, the Insurers argue that, because "Record-A-Hit has no interest in whether [the Insurers] have a duty to defend Tri-State against Record-A-Hit's class action, . . . until the underlying action is resolved, it is premature to determine anything other than whether [the Insurers] have a duty to defend Tri-State." (Insurers' Resp. at 6.) In other words, the Insurers argue that the issue in the underlying federal declaratory action is the Insurers' duty to defend Tri-State against Record-A-Hit, and that Record-A-Hit's interest lies solely in the Insurers' duty to indemnify.

The Court does not agree. Although the Insurers' duty to defend Tri-State is a key issue in the underlying declaratory action, the duty to defend is broader than the duty to indemnify and may include the duty to indemnify. This was noted by the Seventh Circuit in *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006). In that case, the Seventh Circuit stated, "Because the duty to defend extends to many suits in which there will be no duty to indemnify, . . . a declaratory judgment that the insurer need not defend means that it need not indemnify either." *Id.* at 539. In light of this, the Insurers cannot claim that the duty to indemnify is not at stake while the duty to defend is. Considering the practical consequences, if the Insurers are found to have no duty to defend Tri-State, under *Meridian Security Insurance Co.* the Insurers also have no duty to indemnify Tri-State against any liability it may have toward Record-A-Hit. Because of this, the Insurers' duty to indemnify is at issue.

Because the Insurers' duty to indemnify is at issue, Record-A-Hit's interest in the source of the funds from which its potential judgment will be paid is at risk of impairment. If, in the federal declaratory action, the court finds that the Insurers have no duty to defend—and by implication no duty to indemnify—Record-A-Hit's rights in subsequent proceedings may be foreclosed. Even if Record-A-Hit is not a party to the federal declaratory action, the federal declaratory action may as a practical matter preclude Record-A-Hit from arguing later—in a garnishment proceeding after being awarded a judgment against Tri-State—that the Insurers have a duty to indemnify. As stated above, *Pak* holds that a judgment creditor's posture in a garnishment proceeding is the same as the posture of a judgment debtor. 2004 WL 2931322, at *5. This is because, "[i]n a garnishment proceeding, it is the legal interest of the judgment debtor that is being asserted against he garnishee, albeit by the judgment creditor." *Id.* (citing *Baron v.*

*Villareal*, 100 Ill. App. 2d 366, 372, 241 N.E.2d 227 (App. Ct. 1968)). From this, the Court sees a risk that if a court holds that the Insurers do not have a duty to indemnify, this might preclude Record-A-Hit from arguing that this duty does exist—even if Record-A-Hit is not a party to the federal declaratory action—because the declaratory judgment would bar Tri-State from arguing this issue. In other words, Tri-State would be precluded, which means that Record-A-Hit would be precluded. The Court is careful to note that it is not deciding the issue of the preclusive effect an adverse finding in the federal declaratory action would have in a subsequent garnishment proceeding. The Court simply finds that, for the purposes of determining whether Record-A-Hit's interest in this litigation is at risk, this preclusion issue may be applicable. For this reason, the Court finds that Record-A-Hit's interest is at risk, and the third requirement of Rule 24(a) is satisfied.

### D. Inadequate Representation

In order to satisfy the final requirement in Rule 24(a), Record-A-Hit must demonstrate that no party presently involved in the underlying declaratory action adequately represents Record-A-Hit's interests. Record-A-Hit need only show that its interests may be inadequately represented, and this hurdle is a low one. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Lake Investors Dev. Group v. Egidi Dev. Group*, 715 F.2d 1256, 1261 (7th Cir. 1983).

The Insurers argue that Record-A-Hit's interests are adequately represented by Tri-State. The Insurers suggest that, in the underlying declaratory action, the interests of Tri-State and Record-A-Hit are aligned—Tri-State seeks to ensure that the Insurers have a duty to defend and a

duty to indemnify Tri-State, and Record-A-Hit seeks to ensure that the Insurers have a duty to indemnify Tri-State. (Insurers' Resp. at 7.)

The Court agrees that, in the federal declaratory action, both Record-A-Hit and Tri-State seek a similar disposition. But, although similar, the dispositions they seek are not identical. The Court notes that the *Chandler* court has indicated that a claimant has rights in "the viability of the [insurance] policy," and the *Chandler* court equated the claimant to a "real party in interest to the liability insurance contract whose rights vest at the time of the occurrence giving rise to [the claimant's] injuries." 299 Ill. App. 3d at 805, 702 N.E.2d 634 (App. Ct. 2003) (internal quotations and citations omitted)). With this in mind, Record-A-Hit has a valuable interest in the outcome of the federal declaratory action, which the Court has discussed above. Record-A-Hit ought to have an opportunity to protect this interest. If Record-A-Hit is not able to participate in the federal declaratory action, the possibility would exist that at some point the Insurers and Tri-State might decide settle their claims vis-a-vis the federal declaratory action. If this were to happen, the Court can easily envision a scenario in which the Insurers and Tri-State come to an agreement that, in best befitting their interests, gives short shrift to the interests of Record-A-Hit. For example, the Insurers might agree to provide Tri-State with a defense and only a percentage of the indemnification. The Court provides this example to highlight that, although Record-A-Hit and Tri-State seek a similar disposition in the federal declaratory action, their interests are not identical and their litigation strategies might diverge in significant ways. In light of this, Record-A-Hit's interests will not necessarily be adequately represented, particularly if Tri-State does not value the Insurers' possible duty to indemnify to the same extent as Record-A-Hit does. *See id.* (recognizing that the claimants "might well have disputed the lack of

coverage with greater motivation than [the insured party]"). In light of the fact that the inadequate representation prong is a low hurdle, the Court finds that Record-A-Hit has met this requirement.

### III. Conclusion

For the foregoing reasons, the Court finds that Record-A-Hit has demonstrated that it meets all the requirements of Rule 24(a). Therefore the Court grants Record-A-Hit's motion to intervene.

**ENTER ORDER:**

Dated: June 21, 2007.

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| ARTHUR J. McCOLGAN, Esq.<br>RYAN M. HENDERSON, Esq.<br>MICHAEL L. DUFFY, Esq.<br>Lord, Bissell & Brook, L.L.P.<br>111 South Wacker Drive<br>Chicago, IL 60601<br><br>Attorneys for Plaintiffs | MR. DENNIS G. KRAL<br>Attorney at Law<br>18100 Harwood Street<br>Homewood, IL 60430<br><br>Attorneys for Defendant<br><br>DANIEL A. EDELMAN, Esq.<br>Edelman, Combs, Latturner<br>   & Goodwin, L.L.C.<br>120 South LaSalle Street<br>18th Floor<br>Chicago, IL 60603<br><br>Attorney for Intervenor Defendant |